IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RODOLFO JAVIER ROJAS-MORALES,<br>Petitioner,<br>v.<br>BRUCE SCOTT, Warden, Northwest ICE Processing Center; DREW BOSTOCK, Seattle Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,<br>Respondents. | No. 2:26-CV-02985-SAB<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND STAY OF TRANSFER** |

Before the Court is Petitioner's Motion for Temporary Restraining Order, ECF No. 2. Petitioner is representing himself in the matter. Respondents have not filed a notice of appearance.

Petitioner is a citizen of Venezuela and entered the United States on July 17, 2022. Soon thereafter, Petitioner was apprehended by immigration officials and was released pending removal proceedings. Petitioner lived in Portland, Oregon,

prior to his re-detention.

Petitioner requests Court temporarily enjoin Respondents from transferring him out of the district, as the Court would lose jurisdiction over his Petition if he was transferred. Petitioner notes that ICE has increased the frequency of transfers out of the Northwest ICE Processing Center, where he is in custody, over the past few months due to capacity issues. He indicates a transfer would negatively impact his ability to pursue habeas relief and maintain contact with family members.

Petitioner was re-detained on July 2, 2026, and has a pending application for Temporary Protected Status. Petitioner received a bond hearing a month after he was re-detained, and it does not appear he was given notice prior to his re-detention.

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Preliminary injunctions and temporary restraining orders are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To successfully move for a temporary restraining order, the moving party must establish: (1) the likelihood that the movant will succeed on the merits, (2) the movant is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities tips in the movant's favor, and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008).

Turning to the merits of his Habeas Petition, the Ninth Circuit recently established that civil immigration detainees who resided in the United States prior to their present detention are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025), *aff'd, Rodriguez Vasquez v. Bostock*, No. 25-6842, slip op. at 67 (9th

Cir. 2026). Instead, these individuals are subject to the detention scheme under 8 U.S.C. § 1226. *Id*.

Given the information available at this time, it does not appear that Petitioner has a qualifying prior criminal conviction that would subject him to mandatory detention under 8 U.S.C. § 1226(c). Courts in this District have held that when an immigration petitioner is released and later re-detained, that petitioner is held in detention pursuant to § 1226(a) and is therefore not subject to mandatory detention. *See e.g., Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026).

When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. Id. at 335. Courts in this District have routinely determined that a finding in favor of an immigration petitioner under Mathews requires immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Camacho*, 2026 WL 1243459 at *8; *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention.").

Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community in 2022. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

Petitioner meets the standard for a temporary restraining order. As discussed above, he has a strong likelihood of success on the merits. Petitioner faces harm in the form of this Court losing jurisdiction over his habeas petition and losing the ability to contact family members. Requiring ICE to not transfer Petitioner to another facility is not a significant burden to place on the agency. The public has an interest in timely adjudication of these habeas petitions which would be impacted by Petitioner's out-of-district transfer.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Temporary Restraining Order, ECF No. 2, is **GRANTED**.

2. Respondents and all of their respective officers, agents, servants, employees, attorneys and persons acting on their behalf in concert or in participation with them are enjoined and restrained from:

    1) Removing, transporting, or attempting to remove Petitioner from the United States; AND
    2) Transporting Petitioner to any detention facility, staging facility, airport, or border location for removal.

3. As Petitioner is representing himself in the matter, Respondents shall contact the Courtroom Deputy within 14 days from the entry of this Order to schedule a preliminary injunction hearing.

4. All briefing regarding a preliminary injunction shall be filed within 14 days of the entry of this Order.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to pro se Petitioner and Respondents once a notice of appearance is entered, and set case management deadlines accordingly.

**DATED** this 27th day of August 2026.

Stanley A. Bastian
United States District Judge